RODGERS, Justice:
This is a divorce suit appealed to this Court on the alleged ground that the alimony and child support awarded by the Chancellor upon the trial in the Chancery Court are excessive.
The parties were separated at Fort Monroe, Virginia, where the appellant, Irby Neil Mclnnis, Jr., was serving as a career officer in the United States Army. Mrs. Mclnnis originally filed legal proceedings. for the support of their minor child in Baton Rouge, Louisiana. Process was had upon the appellant in that state; whereupon, the appellant filed suit against Mrs. Mclnnis for a divorce in Harrison County, *117 Mississippi. He alleged Harrison County to be his domicile. Mrs. Mclnnis dismissed her proceedings in Louisiana and joined issue with the appellant in the Chancery Court of Harrison County, Mississippi. She filed a cross-bill for a divorce, charging cruel and inhuman treatment. The Chancellor heard the testimony and entered a decree denying the petition of the appellant, Irby Neil Mclnnis, Jr., and granted a divorce to the appellee and awarded to her the care and custody of Irby Neil Mclnnis, III, their minor son. The Chancellor also awarded the appellee $100 per month alimony and required the appellant to pay $200 per month to Mrs. Mclnnis for the support of their minor son.
There is no contention here that the Chancellor erred in any respect except as to the amount of alimony and child support awarded to the appellee, Mrs. Mc-lnnis. This argument is based upon the fact that Mrs. Mclnnis is a school teacher earning $5,300 yearly, and that the appellant is a Major in the United States Army earning $1,028.13 monthly. In the final analysis, the gist of appellant’s contention is that his wife should not be awarded alimony because she makes money and can support herself. Moreover, it is said $200 per month is too much for the support of a child six or seven years of age.
The examination of the record in this case has convinced us that under the circumstances here shown — taking into consideration income tax, and the fact that their child must be cared for while his mother teaches — the award of child support is not so large as to be unreasonable, and the judgment, therefore, is not manifestly erroneous.
At common law, the father is primarily liable for the support of the children of the marriage and this is true although the custody of the children is awarded to the mother. The amount allowed for the support of the children depends largely upon the financial condition of the father and the needs and circumstances of the children; however, this is an issue of fact to be determined by the trial court. Unless the decree awarding child support is so inadequate or so excessive as to be unreasonable or arbitrary, or wholly fails to take into consideration the evidence as to the needs of the children and the ability of the father to pay, this Court will not reverse a decree of the trial court.
The amendment made by the legislature to section 2743, Mississippi Code 1942 Annotated (1956), wherein it is said that:
“ * * * [WJhere proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each.”
does not mean that the court must require the wife to work to support the children of the marriage. The trial court may, however, within the sound discretion of the Chancellor, require contribution from the wife toward the support and maintenance of minor children of the marriage.
The payment of alimony to the wife for her support is separate from child support, and is the common law obligation of the husband to his wife. The duty of the husband to support his wife is not abrogated by the fact that the wife is capable of earning her own living. Evidence that a wife has a separate income may be shown to determine her urgent needs, but it is not an absolute defense to her claim for support.
We find no reversible error in this record, and for that reason this case should be, and it is, hereby affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, BRADY and INZER, JJ., concur.