559 So.2d 1035 (1990)
Murray Glynn CUPIT
v.
Frances Marie Ratcliff CUPIT.
No. 07-CA-59456.
Supreme Court of Mississippi.
April 4, 1990.
*1036 Michael B. Cupit, Tylertown, for appellant.
Wayne Smith, Liberty, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ANDERSON, JJ.
HAWKINS, Presiding Justice, for the Court:
Murray Glynn Cupit appeals from the amount of child support awarded in a divorce decree entered in the Chancery Court of Amite County. Finding the child support award clearly excessive, we reverse and remand for a hearing on this issue.
On May 6, 1987, Frances Cupit filed her complaint for divorce against Murray Cupit. The cause came on for trial on September 1, 1987, in the Chancery Court of Amite County, Hon. R.B. Reeves presiding. On October 13, 1987, a decree was entered granting Frances a divorce on the ground of habitual cruel and inhuman treatment, and granting Frances custody and care of the two minor children of the marriage, subject to Murray's visitation rights. In addition, the decree ordered Murray to pay child support of $400.00 per month, plus provide medical insurance for the children. The remaining provisions of the decree dealt with division of property, payment of bills, attorney's fees, conduct of the parties, and income tax dependency exemptions.
On October 15, 1987, Murray filed a motion for reconsideration, new trial, and requesting specific findings of fact and conclusions of law. Following Frances' answer, the court entered an order denying the request for specific findings of fact and conclusions of law, denied the request for new trial, but granted the motion for reconsideration, limited solely to the question of support awarded.
The matter of reconsideration was submitted to the court on the briefs of the parties, and the lower court ultimately denied relief on May 6, 1988. From this latest order, Murray appeals and challenges the amount of support awarded as well as the chancellor's refusal to make specific findings of fact and conclusions of law.

WAS THE AMOUNT OF CHILD SUPPORT AWARDED EXCESSIVE?
In summary, Murray's argument is that the amount of support awarded for the children was excessive in light of the relevant surrounding circumstances. Frances counters that the chancellor acted well within his discretion. We are required to ascertain from the record what those circumstances were, and whether the court's award was consistent therewith.
In so doing, we are reminded that the process of weighing evidence and arriving at an award of child support is essentially *1037 an exercise in fact-finding. Our review, therefore, is significantly constrained. See Morris v. Morris, 541 So.2d 1040, 1042 (Miss. 1989); Carpenter v. Carpenter, 519 So.2d 891, 894-95 (Miss. 1988); Tedford v. Dempsey, 437 So.2d 410, 417 (Miss. 1983); McInnis v. McInnis, 227 So.2d 116, 117 (Miss. 1969).
This Court has enumerated several factors which a chancellor should consider in awarding a sum for the care and maintenance of the children, all of which ultimately revolve around our primary concern: the best interest of the child for whose direct benefit the award is made. The chancellor should consider the reasonable needs of the child as well as the financial resources and reasonable needs of each parent. Above that, the chancellor is obliged to consider any other relevant fact shown by the evidence. See Miss. Code Ann. § 93-5-23 (Supp. 1989); Carpenter v. Carpenter, 519 So.2d at 894; Tedford v. Dempsey, 437 So.2d at 422; Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147, 153 (1955).
In this case the chancellor ordered Murray Cupit to pay $400.00 per month ($200.00 per child) in child support[1], to maintain medical and hospitalization insurance on the children, to be responsible for one-half of all reasonable and necessary medical bills not covered by insurance, to consult with Frances about braces for one child, and if they agreed braces were necessary, to pay one-half of the costs thereof, and to pay one-half of the taxes and insurance on the marital home and real property.
Applying the relevant factors to this record, we view the award as clearly excessive. Murray Cupit is a truck driver for Mabry Lumber Company whose gross income at the time of trial was $1,386.00. After automatic deductions for taxes, insurance and retirement, Murray netted $973.60. In addition to the $400.00 per month child support, Murray had other significant expenses. He was ordered to pay one-half of all taxes and insurance on the marital home and 2.3 acres of real property, as well as several debts accumulated during the marriage. Finally, the divorce obviously put Murray in a position of having to incur separate living expenses for himself.
As best as we can ascertain from the record, the following expense figures are uncontradicted, and do not exceed what is reasonable and/or necessary:
(a) $4,359.18 for purchase of a new residence (a "camp" is what Murray calls it) resulting in 42 monthly payments of $103.79;
(b) $3,767.04 for purchase of a 1979 Ford automobile for transportation to and from work each day (a total distance of 50 miles per day), resulting in 24 monthly payments of $156.96[2];
(c) Murray was ordered by the Court to pay several debts which were accumulated during the marriage. Of these, $559.27 was past due at the time of trial. The remaining debts were on monthly accounts and totaled $2,479.05. All of these accounts were scheduled to be paid in full by March, 1990.[3];
(d) Murray incurred separate living expenses of his own as a result of having to find a new home. Viewing only what was absolutely essential[4], Murray estimated that food and supplies for himself, and his children when they visit on weekends, would cost $200.00 *1038 per month, utilities and phone $185.00 per month, clothing $15.00 per month, gas and auto expenses of $151.42 per month, for a total of $551.42 per month;
(e) Murray had certain fixed expenses which included prescription medicine of $60.00 per month, dental of $10.00 per month, insurance of $50.48 per month, land lease payment of $25.00 per month ($300.00 per annum), for a total of $145.48 per month.
Excluding what Murray's half of the taxes and insurance on the marital home and property will be, and excluding the $400.00 per month child support payment, and considering that certain monthly accounts which he was ordered to pay will be paid in full at various intervals, Murray's reasonable and/or necessary expenses through March, 1990, will average slightly more than $1,000.00 per month. It should be apparent, therefore, that Murray could not pay an additional $400.00 per month in child support, plus one-half of the taxes and insurance on the marital property, plus one-half of any dental and medical expenses that may arise.
The record does not show that Frances was in any better financial shape. The chancellor candidly found that both parents' expenses exceeded their respective incomes. Nonetheless, the chancellor found that both parents had agreed during their marriage that the children should remain in private school, and in order to help meet that demand, he ordered Murray to begin paying $400.00 per month in support. No other specific findings were made regarding the care and maintenance of the children.
While the chancellor's two subsidiary findings are supported by substantial evidence in the record, we cannot reconcile his ultimate finding that Murray could or should pay $400.00 per month in child support. That may be within the realm of possibility once Murray has satisfied some of his obligations, but the record shows that $400.00 per month was excessive based on his earnings.
We likewise find that the chancellor erroneously concluded that continued private school education was a reasonable need of the children, in view of the parents' financial situation. The record indicates that the costs of sending these children to private school is $175.00 per month for tuition alone. That, together with miscellaneous school expenses such as lunches, books and extra-curricular activities, could eventually total $275.00 per month.
On this record, the award of $400.00 per month for child support is clearly excessive and wholly ignores the reasonable and necessary needs of the children as well as the ability of the father to pay, thus rendering the award manifestly wrong. See McInnis v. McInnis, 227 So.2d 116, 117 (Miss. 1969).
Therefore, we reverse the award of child support, and remand for a new hearing on the amount Murray should be required to pay.
Because we are reversing and remanding on the amount of support awarded, we need not address Murray's second argument that the chancellor erred in refusing to issue findings of fact and conclusions of law. We remind all chancellors that specific findings and conclusions have been helpful in reviewing appeals from chancery court, and chancellors will be helpful in abiding by the clear language of Miss.R. Civ.P. 52 and Unif.Chan.Ct.R. 4.01.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Murray had been ordered to pay $300.00 per month from the date of the temporary hearing which was held in this cause.
[2] Murray left the courthouse with title to a 1968 pick-up truck which had 112,000 miles on it, and was no longer reliable.
[3] We have excluded from these debts a $2,250.00 loan from Murray's brother because the evidence showed beyond doubt that this amount would be repaid from Murray's share of money to be received from the sale of their late mother's house. Jerry Cupit, the creditor, testified that the debt did not have to repaid until the house was in fact sold.
[4] We have excluded Farm Bureau dues of $1.25 per month and $96.82 per month which Murray lists as incidental expenses in order to demonstrate Murray's inability to maintain the most basic existence.