881 So.2d 365 (2004)
Randall Gerard MAGRUDER, Appellant,
v.
Troy Ann Duba MAGRUDER, Appellee.
No. 2003-CA-01890-COA.
Court of Appeals of Mississippi.
August 31, 2004.
Richard C. Fitzpatrick, Poplarville, attorney for appellant.
Nathan S. Farmer, Picayune, attorney for appellee.
EN BANC.
CHANDLER, J., for the Court.
¶ 1. This appeal arises from a July 22, 2003 order of the Pearl River County Chancery Court addressing custody and child support matters concerning the children of Randall and Troy Magruder. Randall Magruder was awarded primary *366 physical custody of the couple's two minor sons, and Troy Magruder, primary physical custody of their minor daughter. Randall Magruder now complains that the support he is required to pay for his daughter's benefit exceeds the amount specified by the Child Support Award Guidelines set forth in Mississippi Code Annotated Section 43-19-101 (Rev.2000). Based on the record before us, we find that the award of $500 per month was within the child support guidelines. Accordingly, we find no error and affirm the chancellor's decision.

FACTS
¶ 2. Randall Gerard Magruder (Randy) and Troy Ann Duba Magruder (Troy) were granted a divorce on grounds of irreconcilable differences by the Pearl River County Chancery Court on May 27, 2003. By an agreement reached on January 30, 2003 and ratified by the May 2003 judgment of divorce, temporary custody arrangements and support obligations were determined for the three children born of the marriage. Randy was given custody of thirteen-year-old Jay Carstens Magruder, who had expressed a preference for living with his father. Troy was given custody of the two younger children, eleven-year-old Everett Louis Magruder and six-year-old Shannon Nicole Magruder. Randy was ordered to pay child support in the amount of $700 per month for the benefit of Everett and Shannon.
¶ 3. On June 20, 2003, a hearing was held to determine permanent custody of the children. The chancellor found that Everett would be more comfortable living with his older brother and would benefit from the relationship with him. Both boys also had expressed a preference to live with their father. Based on her age and gender, the chancellor found that Shannon would be happier with her mother. Randy, therefore, was given primary physical custody of the two boys and Troy was awarded primary physical custody of Shannon. The chancellor further reduced Randy's child support obligation to $500 per month.
¶ 4. Randy was ordered to maintain health insurance for all three children. The parties were found equally responsible for any and all expenses not covered by insurance. Both Randy and Troy further were ordered to share equally the expenses of the children's travel between Mississippi and Montana, where Troy voluntarily had relocated, for visitation as specified in the July 23, 2003 order modifying custody.
¶ 5. At the time of these proceedings, Randy was employed by Honeywell, Inc. in Baton Rouge, Louisiana. In 2002, his gross income was $65,712.91. Troy was living in Lolo, Montana, and working at KT's Hayloft Saloon. She reported gross earnings of $14,113 for 2002.

LAW AND ANALYSIS

I. WHETHER THE CHANCELLOR ERRED IN ORDERING CHILD SUPPORT PAYMENTS IN EXCESS OF THE AMOUNT REQUIRED BY THE CHILD SUPPORT AWARD GUIDELINES
¶ 6. In the July 21, 2003 order modifying custody, the chancellor reduced the amount of child support Randy was required to pay from $700 per month for two children to $500 per month for one child. The chancellor stated that "[t]his amount is over the recommended guidelines for one child; this Court finds that due to the disparity in each spouse's income, the amount is proper to support the minor child." Randy contends that the chancellor failed to make specific findings concerning the children's needs or his actual income. He further asserts that he is *367 entitled to an offset and/or support payments from Troy to provide for Jay and Everett, thus reducing his support obligation to Shannon. Troy, however, asserts that the chancellor's award is well within the child support guidelines and that neither the statutes nor the caselaw mandate the reductions or offsets Randy seeks.
¶ 7. Mississippi Code Annotated Section 43-19-101(Rev.2000) provides that the child support guidelines set forth therein shall be a rebuttable presumption regarding the amount of the award or modification of child support. Miss.Code Ann. § 43-19-101(1) (Rev.2000). These guidelines apply "unless the judicial or administrative body awarding or modifying the child support award makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined under the criteria specified in Section 43-19-103." Miss.Code Ann. § 43-19-101(2) (Rev.2000). However, "these are guidelines and not absolute rules." Wright v. Stanley, 700 So.2d 274, 282 (Miss.1997); Thurman v. Thurman, 559 So.2d 1014, 1017-18 (Miss.1990).
¶ 8. For one child, the child support guidelines provide that fourteen percent of the non-custodial parent's adjusted gross income should be awarded for child support. Miss.Code Ann. § 43-19-101(1). "Adjusted gross income" is calculated by determining all sources of income available to the non-custodial parent and subtracting from that amount "the following legally mandated deductions: (i) Federal, state and local taxes. Contributions to the payment of taxes over and beyond the actual liability for the taxable year shall not be considered a mandatory deduction; (ii) Social security contributions; [and] (iii) Retirement and disability contributions except any voluntary retirement and disability contributions." Miss.Code Ann. § 43-19-101(3)(b) (Rev.2000). Randy's annual gross income for 2002 was $65,712.91. Subtracting the legally mandated deductions of $12,861.80 for federal, state and local taxes, and $4,938.58 for Social Security and Medicare contributions, Randy's annual adjusted gross income for 2002 was $47,912.53. Applying the fourteen percent guideline to Randy's monthly adjusted gross income of $3,992.71, his monthly child support obligation for one child is $558.98.
¶ 9. Randy's monthly adjusted gross income is nearly four times Troy's. Based on the disparity in their incomes, the chancellor found that $500 was an appropriate level of support for Randy to provide for his daughter. Randy, nevertheless, contends that Troy owes him support for Everett and Jay. He therefore asserts that the chancellor should have given him a credit or offset for the two children living with him.
¶ 10. Randy proposes two alternative applications of the statutory guidelines to provide the relief he seeks. First, he asserts that Troy is obligated to contribute twenty percent of her adjusted gross monthly income of $1,049.60 toward the support of the two boys living with him. Applying the statutory twenty percent guideline for two children, Randy suggests that he is entitled to payment in the form of an offset of $209.92 against his statutory obligation to Shannon of $558.98, resulting in monthly child support of only $349.06.
¶ 11. In the alternative, Randy proposes a deduction of twenty percent or $9,582.51 from his adjusted gross income for the two children living with him, leaving him with what he terms an "adjusted annual AGI" of $38,330.02 or $3,194.16 per month. Application of the fourteen percent guideline to that figure would yield a monthly support obligation to Shannon of $447.18. Randy further would apply the *368 same formula to Troy's annual adjusted gross income of $14,113, allowing her a fourteen percent or $1,763.32 deduction for the one child living with her and leaving her with an "adjusted annual AGI" of $10,831.83 or $902.65 per month. Based on these figures, Randy asserts that Troy is obligated to provide support for the two boys in the amount of $180.53, or twenty percent of her "adjusted AGI." Using Randy's offset approach, his support obligation to Shannon thus would be reduced to $264.65 per month.
¶ 12. We disagree with Randy. The statute provides for only three mandatory adjustments to gross income: taxes, social security and non-voluntary retirement and disability contributions. Miss.Code Ann. § 43-19-101(3)(b). Mississippi Code Annotated Section 43-19-101(3)(d) (Rev.2000), on which Randy relies, does not require the chancellor to make an adjustment to gross income for children living with the parent ordered to pay child support. The statute provides only that "[i]f the absent parent is also the parent of another child or other children residing with him, then the court may subtract an amount that it deems appropriate to account for the needs of said child or children." Miss.Code Ann. § 43-19-101(3)(d) (Rev.2000) (emphasis added). Whether such adjustment is made and the amount of any such adjustment "is clearly left up to the discretion of the chancellor and is not a mandatory provision of the statute." McClee v. Simmons, 834 So.2d 61, 65 (¶ 14) (Miss.2002); Bailey v. Bailey, 724 So.2d 335, 338 (¶ 11) (Miss.1998). Thus, even in those instances where an adjustment may be warranted, the statute does not reference the percentages enumerated in the child support guidelines; rather, it is within the chancellor's discretion to determine an amount appropriate to the needs of the child or children.
¶ 13. There further is no merit to Randy's assertion that he is entitled to support from Troy for Everett and Jay. He suggests that this Court's decision in Brawley v. Brawley, 734 So.2d 237 (Miss.Ct.App.1999) impliedly acknowledged that offsetting one parent's support obligations against those of the other is appropriate where the children of the marriage are divided between the parents. Randy's reliance on Brawley is misplaced. Child support was not raised as an issue in Brawley. In its recitation of lower court proceedings, the opinion notes only that the father's support obligations to one of the two children was suspended after he was given full custody of the child. Id. at 239 (¶ 3). Mere mention of a procedural fact, we note, is not a statement of the law.
¶ 14. "[W]here proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each." Miss.Code Ann. § 93-5-23 (Supp.2003) (emphasis added). Moreover, the "[c]hancellor should consider the reasonable needs of the child as well as the financial resources and reasonable needs of each parent." Vaughn v. Vaughn, 798 So.2d 431, 434-35 (¶ 13) (Miss.2001); Cupit v. Cupit, 559 So.2d 1035, 1037 (Miss.1990). In finding that the amount awarded was proper to meet Shannon's needs, the chancellor considered the disparity in income between Randy and Troy. Given the reasonable needs of the three children, as well as the reasonable needs and financial resources of Randy and Troy, the chancellor did not abuse his discretion by not requiring Troy to provide support for Everett and Jay.
¶ 15. We note with approval the chancellor's provision for health insurance coverage. As amended effective July 1, 2004, *369 § 43-19-101 requires the chancellor to make provision in the judgment for insurance coverage in a manner which is in the best interests of the children. 2004 Miss. Laws Ch. 582. The revised statute further provides that "[i]f the court requires the custodial parent to obtain the coverage then its cost shall be taken into account in establishing the child support award." Id. As Troy suggests, the $58.98 difference between the statutory guideline figure of $558.98 and the $500 awarded by the chancellor amounts to $707.76 per year and could be considered a contribution to the health insurance coverage Randy is required to provide for the three children. Since Randy is the custodial parent of two of the three children, Troy's interpretation is consistent with the requirements of the amended statute.
¶ 16. The chancellor's award of $500 in child support for Shannon Magruder is well within the guidelines specified in Mississippi Code Annotated Section 43-19-101. The chancellor, therefore, was not required to make any more specific findings on the record. Miss.Code Ann. § 43-19-101(3). Moreover, we find no basis for Randy's proposition that the chancellor should have deviated from the guidelines to provide a credit for the two children living with him.
¶ 17. Our standard of review in domestic relations cases is well-established:
[Appellate courts apply] the familiar substantial evidence/manifest error rule. [We] will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. This is particularly true in the areas of divorce, alimony and child support. The word "manifest," as defined in this context, means "unmistakable, clear, plain, or indisputable."
Mosley v. Atterberry, 819 So.2d 1268, 1272 (¶ 16) (Miss.2002) (quoting Mosley v. Mosley, 784 So.2d 901(¶ 7) (Miss.2001) (internal citations omitted)). Because the chancellor's findings were not unmistakably wrong and the correct legal standard was applied, we affirm the chancellor's finding that Randy was obligated to provide child support for Shannon in the amount of $500 per month.
¶ 18. THE JUDGMENT OF THE PEARL RIVER COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.