909 So.2d 108 (2005)
Richard Thomas GRAY, Jr., Appellant,
v.
Angela Rene (Rawls) GRAY, Appellee.
No. 2003-CA-02499-COA.
Court of Appeals of Mississippi.
August 16, 2005.
*109 Erika Danita Suttlar, attorney for appellant.
George McFall, Southaven, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Richard Thomas Gray appeals the chancellor's judgment of divorce. Richard contests the chancellor's equitable distribution of assets, and the chancellor's awards of alimony, child support, past medical expenses, and attorneys fee's. We affirm in part and reverse and remand in part.

*110 FACTS
¶ 2. Richard and Angela Rene Rawls Gray were married on July 13, 1984, in Tacoma, Washington. They are the parents of four children.
¶ 3. In 2001, while living in Southaven, Richard and Angela separated. On March 29, 2001, Angela filed for divorce on the grounds of irreconcilable differences. Richard did not answer her complaint. On August 19, 2002, Richard and Angela filed a temporary agreed order that set forth certain custodial arrangements, child support, visitation, distribution of medical expenses, and the rights of the homestead. In February of 2003, Angela amended her complaint for divorce and asserted adultery and cruel and inhuman treatment as grounds for divorce. A trial was conducted in October of 2003.
¶ 4. Richard testified that he was employed by FedEx as a diesel mechanic, and he earned an annual income of $41,143.16. Richard admitted that he was in an adulterous relationship that had continued for an extended period of time. Richard paid $400 per month to his paramour as rent (or contributed to her house note). Richard also paid $4,800 per year to his paramour for maintenance expenses on her home.
¶ 5. Angela testified that she earned less than $20,000 per year working at the Horseshoe Casino. Angela attended Northwest Community College, pursuing a business administration degree. Angela also testified that Richard visited their four children on three separate occasions over the past year. She testified that Richard purchased clothes only on his daughters' birthdays and made no financial contributions towards the expense of their extra-curricular activities.
¶ 6. The chancellor granted Angela a divorce on the grounds of adultery. The chancellor ordered that: Angela would have custody of the four minor children; Richard would pay Angela $160 per week in child support; Richard was entitled to Farese visitation; they were each responsible for one-half of the cost of college for the children; they were each responsible for one-half of all reasonable and necessary medical, dental, pharmaceutical, and optical expenses; Richard could claim the two older children as dependants for income tax purposes and Angela was to claim the two younger children as dependants for income tax purposes; Angela was awarded exclusive use, possession, and ownership of the marital home; Richard was awarded the microwave stand, exclusive ownerships of his 401(k) plan and stock options; Richard was also ordered to maintain a $100,000 life insurance policy benefitting the four children; and finally, Angela was awarded $207.80 as reimbursement for medical expenses and $2,500 in attorneys fees.

STANDARD OF REVIEW
¶ 7. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard. Sanderson v. Sanderson, 824 So.2d 623, 625-26(¶ 8) (Miss.2002).

ANALYSIS

I. Whether the chancellor was in error in failing to make an equitable distribution of the marital property pursuant to Ferguson v. Ferguson.

¶ 8. Under this issue, Richard makes four separate arguments. We are of the opinion that the first argument requires us to reverse and remand the case to the chancellor for further consideration. Therefore, we only consider whether the *111 chancellor committed manifest error in failing to make a record of his findings of fact and conclusions of law regarding the equitable distribution of the marital estate. We must note that Angela's brief does not specifically address the chancellor's failure to make findings of fact and conclusions of law on the record. Rather, Angela argues that the evidence was sufficient to support the chancellor's equitable distribution. Nevertheless, we find that the chancellor committed manifest error in failing to make the required record of the findings of fact and conclusions of law regarding the Ferguson factors. This error impedes our appellate review.
¶ 9. In Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994), the Mississippi Supreme Court directed chancellors to evaluate the division of marital assets by following a nonexclusive list of eight guidelines and "to support their decisions with findings of fact and conclusions of law for purposes of appellate review." Here, the chancellor's order does not include specific findings of fact or conclusions of law that would indicate that the chancellor considered the Ferguson guidelines and how he applied the guidelines to the evidence presented in this case.
¶ 10. In Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994), the court outlined the process chancellors are to follow in applying the Ferguson factors. First, the chancellor is to classify the parties' assets as marital or non-marital based on Hemsley v. Hemsley, 639 So.2d 909 (Miss.1994). Second, the chancellor is to value and equitably divide the marital property employing the Ferguson factors as guidelines, in light of each party's non-marital property. Johnson, 650 So.2d at 1287. Third, if the marital assets, after equitable division and in light of the parties' non-marital assets, will adequately provide for both parties, then "no more need be done." Id. Finally, if an equitable division of marital property, considered with each party's non-marital assets, leaves a deficit for one party, then alimony should be considered. Id.
¶ 11. Ferguson requires that the chancellor provide an explanation of his analysis of the evidence and basis for the decision. Ferguson, 639 So.2d at 928. Here, the chancellor does not provide such analysis or explanation of the evidence that supports his decision. Instead, the chancellor merely announced his judgment, divided the marital property, provided for child support and awarded alimony.
¶ 12. In Sandlin v. Sandlin, 699 So.2d 1198, 1204 (Miss.1997), the chancellor made the marital property distribution and mentioned the Ferguson guidelines along with a representation that he applied them to the evidence presented. Id. at 1204. The chancellor's order failed to make the requisite findings of fact and conclusions of law. The supreme court held that it "could not evaluate the basis that [the chancellor] used to determine the division of property." Id. As a result, the court ruled that "the failure to make findings of fact and conclusions of law was manifest error requiring reversal and remand." Id.
¶ 13. In Kilpatrick v. Kilpatrick, 732 So.2d 876, 881(¶ 19) (Miss.1999), the court again reversed a chancellor for failing to make the required findings of fact and conclusions of law regarding the distribution of the marital estate. The chancellor itemized the actual property division, but made no conclusions of law to support the division of the marital estate. Id. at 878-88. The supreme court reversed and remanded for specific findings of fact stating that "[w]ithout findings from the Chancellor concerning this income or use of income, we cannot determine if the distribution of property outlined above meets the standards of equitable distribution required by Ferguson." Id. at 881.
*112 ¶ 14. Here, the chancellor simply divided the property. The chancellor's order failed to make any conclusions of law as to how the Ferguson factors were applied to support the division of the marital estate. Thus, based on Sandlin and Kilpatrick, the chancellor's failure to explain the basis for his decision requires that we find manifest error and reverse and remand this case to the chancellor to make specific findings of fact and conclusions of law to support the equitable division of assets.

II. Whether the chancellor was in error in awarding periodic alimony and lump sum rehabilitative alimony to Angela or, in the alternative, in awarding alimony in an amount that was more than Richard can pay.
¶ 15. Richard argues next that the chancellor's award of alimony in this case was "unduly burdensome." He argues that the chancellor punished Richard for his adultery and that he does not have the ability to make the court-ordered payments.
¶ 16. In the dissolution of a marriage, the division of property and the award of alimony are to be considered together. Burnham-Steptoe v. Steptoe, 755 So.2d 1225, 1233(¶ 25) (Miss.Ct.App. 1999). The Mississippi Supreme Court has established several guidelines that must be followed for: (a) the equitable division of assets, Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994); (b) an award of periodic alimony, Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss. 1993); and (c) an award of lump sum alimony, Cheatham v. Cheatham, 537 So.2d 435, 438 (Miss.1988). "Alimony is not a completely independent financial issue in a domestic case, in which its consideration is hermetically sealed from other financial matters." Buckley v. Buckley, 815 So.2d 1260, 1262(¶ 10) (Miss.Ct.App.2002). Alimony together with the equitable distribution of property work together to provide for the parties after divorce. Id. "Therefore, where one expands, the other must recede." Ferguson, 639 So.2d at 929.
¶ 17. In Lauro v. Lauro, 847 So.2d 843, 850 (¶ 17) (Miss.2003), the Mississippi Supreme Court determined that since the case was remanded for further consideration of equitable division, the chancellor should be "instructed to revisit the awards of alimony and child support after [s]he has properly classified and divided the marital assets." On remand, the chancellor will have all tools of marital dissolution available: equitable division, lump sum alimony, periodic alimony and child support.
¶ 18. As discussed above, the brevity of the chancellor's order prevents us from reviewing the evidence and factors that the chancellor considered in awarding alimony. The chancellor's final order consists of four pages with no factual findings or legal authority to support the final judgment. This Court finds that the chancellor's failure to make findings of fact and conclusions of law was error. Thus, we reverse and remand this case to the chancellor to make specific findings of fact and conclusions of law to support the award of alimony.

III. Whether the chancellor erred by not giving Richard credit for certain payments, homestead exemption and tax deductions.
¶ 19. Richard argues that the chancellor's equitable distribution and award of alimony was in error because the chancellor failed to consider: (a) the payments Richard made to their joint chapter 13 bankruptcy plan, after the separation but before the divorce; (b) the value of the homestead tax exemption; and (c) the value of the federal and state tax deductions *113 for the minor children. Richard fails to provide us with the facts or legal authority to support this issue. He also fails to explain how the chancellor is in error. Nevertheless, since the chancellor failed to provide his findings of fact and conclusions of law, we will not summarily reject this issue. Instead, on remand, the chancellor will have an opportunity to make specific findings of fact and conclusions of law on these matters.

IV. Whether the chancellor erred in ordering Richard to pay for past medical expenses.
¶ 20. Richard argues that the chancellor erred in ordering him to reimburse Angela for one-half of the medical bill totaling $207.80. Richard fails to provide us with the facts or legal authority to support this issue. He also fails to explain how the chancellor is in error. Not to be outdone, however, Angela's brief also fails to address this issue in her brief.
¶ 21. On August 19, 2002, Richard and Angela submitted a temporary agreed order. In this order, Richard agreed to be responsible "for one-half of all necessary medical expenses." There was evidence to support the amount of the award and that Richard had failed to reimburse Angela for the expense of medical care for the children. Thus, we find that this issue is without merit, and we affirm the chancellor's award.

V. Whether the chancellor erred in requiring Richard to pay Angela's attorney's fees.
¶ 22. Richard next asks that we find the chancellor in error for awarding Angela attorney's fees in the amount of $2,500. Since we are reversing and remanding this case for the chancellor to make specific findings of fact and conclusions of law to support the equitable division of assets and the award of alimony, the Lauro decision also requires that we remand to allow the chancellor an opportunity to reconsider the award of attorney's fees. Lauro, 847 So.2d at 850(¶ 18). On remand, the chancellor may indeed revisit the award of attorney's fees. Nevertheless, we have reviewed the award and Richard's argument. We find that it lacks merit and discuss our findings.
¶ 23. The Mississippi Supreme Court "has consistently held that the matter of determining attorney's fees in a divorce action is largely entrusted to the discretion of the chancellor." O'Neill v. O'Neill, 501 So.2d 1117, 1119 (Miss.1987). "[I]t is the function of the chancellor to weigh all of the facts and assess the circumstances and to award attorney's fees accordingly." Id.
¶ 24. Richard argues that Angela has the ability to pay her attorney's fees. As proof, he cites the fact that Angela did not incur any "personal debt" and that she did not provide evidence of her inability to pay the fees. Richard also claims that Angela's portion of the divorce settlement should provide adequate means to pay her attorney.
¶ 25. The evidence supports the chancellor's finding that Angela is unable to pay her attorney's fees. At the time of the hearing, Angela worked as a clerk at the Horseshoe Casino. Her gross monthly income, excluding child support payments, was $1,576.15. She had an additional expense for her education at Northwest Community College. Accordingly, we find that the chancellor's decision was reasonable and was within his discretion. Thus, we find this issue to be without merit and affirm the chancellor's award of attorney's fees.

*114 VI. Whether the chancellor erred in awarding child support in excess of the statutory guidelines.

¶ 26. Richard contends that the chancellor's award of child support was far in excess of the statutory guidelines. His argument is that such "upward deviation" was not warranted given his low income. Angela maintains that the child support award is well within the guidelines and neither the statutes nor our precedent mandate a reduction.
¶ 27. As discussed above, on remand, the chancellor is "instructed to revisit the awards of alimony and child support after [s]he has properly classified and divided the marital assets." Lauro, 847 So.2d at 850(¶ 17). The chancellor will have all tools of marital dissolution available: equitable division, lump sum alimony, periodic alimony and child support. On remand, the chancellor may revisit the award of child support. Nevertheless, we have reviewed the award and Richard's argument. We find that it lacks merit.
¶ 28. Awards of child support in Mississippi are subject to the child support guidelines set forth in Mississippi Code Annotated. § 43-19-101(2000). The guidelines establish a rebuttable presumption that where there are four children, the award should be twenty-four percent (24%) of the parent's adjusted gross income. Miss.Code Ann. § 43-19-101(1). The guidelines apply unless the court "makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate.. . ." Miss.Code Ann. § 43-19-101(2). Section 43-19-103 (2000) provides certain factors for chancellors to consider to grant more than the statutory guidelines, where an application of the guidelines would be unjust or inappropriate.
¶ 29. Here, the chancellor applied the twenty-four percent statutory standard to Richard's entire amount of monthly net income of $2,502.87. The chancellor ordered Richard to pay $160 per week. The upward deviation is approximately twenty dollars a week or eighty dollars per month more than the statutory provisions. In the temporary agreed order, Richard agreed to pay $140 per week in child support. The chancellor's order stated the following:
Child support shall be paid by the Father to the Mother in the sum of $160.00 per week (immediate withholding). The Court deviated upward because of less visitation.
¶ 30. The chancellor apparently found that Angela will incur more expenses for the children because Richard fails to use his visitation privileges. The testimony established that Richard visited his daughters three times per year since the parties separated. There was also testimony establishing that the four children were involved in many extracurricular activities, thereby necessitating the additional support. Indeed, it is logical that a parent will incur greater expense due to the non-custodial parent's failure to exercise visitation, and the chancellor's finding, although unusual, is reasonable and sufficient justification for the variation in the award of child support. Miss.Code Ann. § 43-19-101(2).
¶ 31. Indeed, we would have benefitted from more detailed information regarding the reasonableness of this child support award. However, the findings of the chancellor are sufficient to comply with the requirements of § 43-19-101. Richard's income was not greater than fifty thousand dollars per year, rather he testified that he received an annual salary of $41,000 from FedEx. The chancellor's findings were not required to be in writing. Miss.Code Ann. § 43-19-101(5)(Rev.2004).
*115 ¶ 32. It is well-settled that a "[c]hancellor should consider the reasonable needs of the child as well as the financial resources and reasonable needs of each parent." Cupit v. Cupit, 559 So.2d 1035, 1037 (Miss.1990). The chancellor properly considered the disparity in incomes between Richard and Angela in awarding an amount based on the statutory guidelines. This Court will not disturb a chancellor's determination of child support "unless the chancellor was manifestly in error in his finding of fact and manifestly abused his discretion." Brocato v. Brocato, 731 So.2d 1138, 1144(¶ 27) (Miss.1999) (citing McEachern v. McEachern, 605 So.2d 809, 814 (Miss.1992)) (citations omitted). We find that Richard's argument that the chancellor abused his discretion and committed manifest error is without merit. Accordingly, we affirm the chancellor's award of child support.
¶ 33. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., IRVING, CHANDLER, AND BARNES, JJ., CONCUR. BRIDGES, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, P.J., and MYERS AND ISHEE, JJ.
BRIDGES, P.J., Concurring in Part, Dissenting in Part.
¶ 34. Believing that the lower court failed to satisfy the requirements of Miss. Code Ann. §§ 43-19-101 and -103 (Rev. 2004) in awarding Angela child support in excess of the statutory guidelines, I respectfully dissent as to that issue. I concur with the opinion of the majority in all other aspects.
¶ 35. As observed by the majority, the child support award guidelines enunciated in Section 43-19-101(1) are presumptively correct, and in accordance with said presumption, the courts may only deviate therefrom upon providing "a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate . . . as determined under the criteria specified in Section 43-19-103." Miss.Code Ann. § 43-19-101(2) (Rev.2004). The record in this matter is devoid of comment as to the Section 43-19-103 criteria, and the extent of justification offered by the chancellor is a single conclusory sentence: "The Court deviated upward because of less visitation." Without more, I am of the opinion that the chancellor failed to supply the requisite on-the-record findings as prescribed in Sections 43-19-101 and 103. See Clausel v. Clausel, 714 So.2d 265, 266-67 (¶¶ 5-8) (Miss.1998). Consequently, the child support award constitutes error and should be remanded for further findings.
LEE, P.J., and MYERS AND ISHEE, JJ., JOIN THIS SEPARATE WRITTEN OPINION.