GRIFFIS, P.J.,
for the Court:
¶ 1. Brenda and Brian Pelton agreed to a divorce on the ground of irreconcilable differences. They submitted to the chancellor the issues of distribution of the marital home, debts, and personal property; child support; alimony; division of the business assets; contempt for failure to follow a temporary restraining order; and attorney’s fees. Brenda now appeals the chancellor’s awards. We find that the chancellor erred when he failed to apply the Ferguson and Armstrong factors in his division of the property and award of alimony. Therefore, we reverse and remand for further proceedings.
FACTS
¶ 2. Brenda and Brian were married on December 15, 1998. They had one daughter during the marriage. Brenda also had one son from a prior marriage. The parties separated on October 21, 2010, after almost twelve years of marriage.
¶ 3. Brenda works as a legal assistant. Her monthly income is approximately $2,248.37. Brian is the sole owner of Tree Toppers, a tree-cutting and trimming business Brian began during the marriage. Tree Toppers has many assets and liabilities. Brian’s monthly income is difficult to ascertain because it fluctuates with the seasons and results from many cash transactions. Brian approximated his monthly income at $1,503.
¶ 4. During the marriage, they lived in a home purchased by Brian prior to their marriage.
¶ 5. Brenda filed for divorce on January 11, 2011, and Brian counterclaimed for divorce on May 9, 2011. On May 10, 2011, the parties agreed to a divorce based on irreconcilable differences.
¶ 6. The chancellor entered a final judgment after a hearing was conducted in response to Brenda’s motion to reopen the case. The chancellor did not designate the properties in dispute as marital or non-marital assets and did not value the home or Tree Toppers. The chancellor awarded the business to Brian, along with its liabilities, including the equity line of credit on the marital home because the proceeds were used for Tree Toppers. Brenda was awarded $150 a month in periodic alimony for seven years (totaling $12,600) and use of the marital home until the parties’ daughter graduates from high school in five years. The marital home was ordered to be sold within a year of the child’s graduation, with the proceeds to be equally split between the parties. Since Brenda had physical possession of the home, Bren *1163 da was ordered to pay all insurance, maintenance, and taxes on the home, as well as the first mortgage.
¶ 7. Both parties filed motions to reconsider and motions for a new trial. On October 18, 2011, the chancellor conducted a consolidated hearing on all four motions. The chancellor granted in part and denied in part Brenda’s motion to reconsider, which resulted in an increase of child support and a change in visitation.
¶ 8. Brenda now appeals the chancellor’s division of property and the adequacy of the periodic-alimony award.
STANDARD OF REVIEW
¶ 9. “A chancellor’s findings of fact will not be disturbed unless manifestly wrong or clearly erroneous.” Sanderson v. Sanderson, 824 So.2d 623, 625 (¶ 8) (Miss.2002) (quoting Consol. Pipe & Supply Co. v. Colter, 735 So.2d 958, 961 (¶ 13) (Miss.1999)). “However, the Court will not hesitate to reverse if it finds the chancellor’s decision is manifestly wrong, or that the court applied an erroneous legal standard.” Owen v. Owen, 928 So.2d 156, 160 (¶ 11) (Miss.2006). A chancellor’s conclusions of law are reviewed de novo. Chesney v. Chesney, 910 So.2d 1057, 1060 (¶ 5) (Miss.2005) (citing Southerland v. Southerland, 875 So.2d 204, 206 (¶ 5) (Miss.2004)). The distribution of marital assets in a divorce will be affirmed if “it is supported by substantial credible evidence.” Bowen v. Bowen, 982 So.2d 385, 393-394 (¶ 32) (Miss.2008) (quoting Owen, 928 So.2d at 160 (¶ 10)).
ANALYSIS
¶ 10. Brenda argues the chancellor: (1) applied an erroneous legal standard in dividing the marital assets; (2) was manifestly wrong and clearly erroneous in dividing the marital assets; (3) erred by failing to first classify the property of the parties as either marital or nonmarital; (4) failed to equitably divide the property of the parties, specifically the business known as Tree Toppers; (5) awarded an inadequate amount of periodic alimony; (6) failed to adequately consider the Ferguson factors in dividing the marital assets of the parties; and (7) committed sufficient cumulative error to require reversal. Issues one, two, three, four, and six, as submitted by Brenda, will be combined for discussion.

I. Equitable Division of Marital Property

¶ 11. Brenda argues the chancellor did not properly divide the marital assets. A chancellor is required to make findings of fact regarding all applicable Ferguson factors. Kilpatrick v. Kilpatrick, 732 So.2d 876, 880 (¶ 15) (Miss.1999); Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). As such, the supreme court has held that failure to apply the Ferguson factors and absence of an analysis of these factors constitute reversible error. See Lowrey v. Lowrey, 25 So.3d 274, 280 (¶ 7) (Miss.2009).
¶ 12. In Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994), the court outlined the process that a chancellor must follow to apply the Ferguson factors. First, the chancellor should classify the parties’ assets as marital or nonmarital based on Hemsley v. Hemsley, 639 So.2d 909 (Miss.1994). Johnson, 650 So.2d at 1287. Next, the chancellor must value and equitably divide the assets. Id. Then, after equitable division and in light of the parties’ nonmarital assets, and only if the marital assets will leave one party in a deficit, the chancellor should consider an award of alimony. Id.
¶ 13. In Gray v. Gray, 909 So.2d 108, 111 (¶ 11) (Miss.Ct.App.2005), we reversed *1164 and remanded the chancellor’s division of marital assets when “the chancellor merely announced his judgment, divided the marital property, provided for child support and awarded alimony.” We found the chancellor’s review to be inadequate because precedent required “the chancellor to make specific findings of fact and conclusions of law to support the equitable division of assets.” Id. at 112 (¶ 14).
¶ 14. As in Gray, here the chancellor merely announced his judgment and entered an award. The record does not reflect any evidence that the chancellor conducted a Ferguson analysis in this case. The record contains multiple estimated values of Brian’s income and assets, which complicates our ability to delineate the chancellor’s analysis and basis for the decision. As such, we cannot say the equitable distribution of marital property is supported by substantial credible evidence. We reverse and remand this issue for the chancellor to make specific findings and conclusions of law as to the Ferguson factors and the equitable division of property.

II. Periodic-Alimony Award

¶ 15. Brenda alleges the chancellor awarded an inadequate amount of periodic alimony. The chancellor is required to make specific findings using the Armstrong factors to determine issues of fact and conclusions of law in the grant or denial of alimony. Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993). Failure to apply the Armstrong test constitutes reversible error. Lowrey, 25 So.3d at 280 (¶ 7).
¶ 16. We have reviewed the award of periodic alimony. However, the record does not show the chancellor analyzed the alimony award based on the Annstrong test. The chancellor’s judgment merely orders Brian to pay Brenda $150 per month for seven years. Thus, we must reverse and remand this issue for further findings to support the award of periodic alimony.
CONCLUSION
¶ 17. We hold the chancellor manifestly erred when he failed to complete the Ferguson and Annstrong analyses in the division of marital assets and award of alimony, respectively. We reverse and remand these issues for factual findings consistent with these tests.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING, P.J., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.